1  JOAN B. TUCKER FIFE (SBN:144572)
       email: jfife@winston.com
2  WINSTON & STRAWN LLP
   101 California Street, Suite 3900
3  San Francisco, CA 94111
   Telephone:  415-591-1000
4  Facsimile:   415-591-1400

5  MARIA C. RODRIGUEZ (SBN: 194201)
       email: mcrodriguez@winston.com
6  HWANNIE L. SHEN (SBN: 222342)
       email: hshen@winston.com
7  WINSTON & STRAWN LLP
   333 South Grand Avenue
8  Los Angeles, CA 90071-1543
   Telephone:  213-615-1700
9  Facsimile:   213-615-1750

10 Attorneys for Defendant
   U.S. BANK NATIONAL ASSOCIATION
11 (erroneously  sued as U.S. BANCORP)

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT O CALIF.
LOS ANGELES

2009 SEP 14  PM 12: 19

BY
NL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LEE, individually, and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **SACV09-1057 CJC (RNBx)** |
| vs. | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| U.S. BANCORP, a Delaware Corporation; and DOES 1 through 100 inclusive, | (28 U.S.C.§ 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446) |
| Defendants. | |

*Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543*

N/S

L/N

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2  PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441,

3  and 28 U.S.C. § 1446, Defendant U.S. Bank National Association (erroneously sued

4  as U.S. Bancorp) ("Defendant") hereby removes the above-captioned matter from the

5  Superior Court of California, Orange County, to this Court. In support of its request,

6  Defendant states as follows:

7  **I.    INTRODUCTION**

8  1.    This case is hereby removed from state court to federal court under the

9  Class Action Fairness Act of 2005 because, at the time the Complaint was filed, and at

10 this time, complete diversity of citizenship exists between Defendant on the one hand

11 and one or more members of the putative class on the other hand, and the amount in

12 controversy exceeds $5,000,000, exclusive of interest and costs. The citizenship of

13 Does Defendants should be disregarded for the purposes of removal.

14 **II.   THE STATE COURT ACTION**

15 2.    On August 10, 2009, Plaintiff Danny Lee ("Plaintiff") filed a Complaint

16 in the Superior Court of the State of California in and for the City and County of

17 Orange, entitled *Danny Lee v. U.S. Bancorp, Case Number 30-2009-00291701*

18 ("Complaint"). The Complaint alleges six causes of action against Defendant, the

19 former employer of Plaintiff. These include (a) failure to pay overtime wages; (b)

20 failure to provide meal periods; (c) failure to provide rest periods; (d) penalties under

21 California Labor Code § 203; (e) failure to provide itemized wage statements; and (f)

22 violation of California Business and Professions Code §§ 17200, et seq. A true and

23 correct copy of the Summons is attached hereto as Exhibit "A," and a true and correct

24 copy of the Complaint is attached hereto as Exhibit "B."

25 3.    Plaintiff served the Summons and Complaint on Defendant via personal

26 service on August 14, 2009. The Complaint is the initial pleading setting forth the

27 claim for relief upon which the action is based.

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

NOTICE OF REMOVAL OF CIVIL ACTION

1 **III. JOINDER**

2     4.    Defendant is not aware of any other defendant having been served with a

3 copy of Plaintiff's Complaint.

4 **IV. BASIS FOR JURISIDICTION**

5     5.    The state court action is a civil action of which this Court has original

6 jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court

7 pursuant to the provisions of the Class Action Fairness Act, in that it is a civil class

8 action between citizens of different states and the amount in controversy exceeds

9 $5,000,000, exclusive of interest and costs, as explained below.

10     **The Parties**

11     6.    Defendant is informed and believes that Plaintiff Danny Lee was, at the

12 time of the filing of this action, and still is, a citizen and resident of the County of

13 Orange in the State of California. (*See* Complaint, ¶ 7.)

14     7.    As of August 10, 2009, when the Complaint was filed, and presently,

15 Defendant is a national banking association. Its main office, as identified in its

16 charter, is in Cincinnati, Ohio. For purposes of diversity jurisdiction, it is therefore a

17 citizen of Ohio (and only Ohio). *See* 28 U.S.C. § 1348 ("All national banking

18 associations shall, for purposes of all other actions by or against them, be deemed

19 citizens of the States in which they are respectively located."); *see also Wachovia*

20 *Bank v. Schmidt, III*, 546 U.S. 303, 307 (2006) (holding that a national bank, for

21 purposes of 28 U.S.C. § 1348, "is a citizen of the state in which its main office, as set

22 forth in its articles of association, is located.").[1]

23     8.    The citizenship of Defendants Does 2-10, inclusive, should be

24 disregarded for the purpose of establishing removal jurisdiction based on diversity of

25 citizenship. 28 U.S.C. § 1441(a).

26

27

28 [1] Even if U.S. Bancorp is the proper entity for purposes of the above-captioned case, it is a multi-state financial services holding company, incorporated in the state of Delaware, with its headquarters in Minneapolis, Minnesota.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1    **The Amount in Controversy**

2        9.    Plaintiff does not specifically allege an amount of damages in the

3    Complaint.

4        10.    Plaintiff does not make an allegation as to the aggregate amount in

5    controversy for the putative class in its entirety in the Complaint.

6        11.    Based on the allegations in the Complaint and the number of putative

7    class members, the amount in controversy is in excess of $5,000,000, exclusive of

8    interest and costs.

9        12.    Plaintiff seeks to represent a putative class of Defendant's current and

10   former employees who have held or hold the positions of "branch manager, assistant

11   manager, or manager" in California. (*See* Complaint, ¶ 13.)

12       13.    On December 31, 2008, Defendant filed a Notice of Removal in this

13   Court in the case entitled *L. Michael Williams v. U.S. Bancorp*, Case No. CV08-08645

14   FMC (JCx).[2]  The *Williams* case alleged nearly identical causes of action against the

15   identical putative class of Defendant's current and former employees who have held

16   or hold the positions of branch Managers or "floating" branch managers working in

17   California. Therefore, for purposes of this removal, Defendant relies on the same data

18   that it submitted in connection with that removal.[3]

19       14.    There are approximately 791 current and former employees who worked

<div style="margin-left: 2em; font-style: italic;">
20   [2] The *Williams* case was later consolidated with *Jason J. Spainhower v. U.S. Bank
21   National Association*, Case No. CV08-00137 FMC (PJWx). Indeed, the instant action
     is now the ***fourth*** case against U.S. Bank National Association and U.S. Bancorp
22   regarding California branch managers. In addition to the *Spainhower* and *Williams*
     actions, a case entitled *Dolores Prieto v. U.S. Bank National Association*, Case No.
23   2:09-CV-00901-GEB-KJM is currently pending in the United States District Court,
     Eastern District of California. On September 9, 2009, the Eastern District of
24   California denied Plaintiff's Motion to Transfer the Venue to the Central District of
     California and ordered the parties to explain why the action should not be dismissed
25   under the "first to file" rule, a recognized doctrine of federal comity that allows a
     district court to "decline jurisdiction over a matter if a complaint [involving the same
26   parties and issues] has already been filed in another district." *Church of Scientology
     of California v. United States Department of the Army*, 611 F.2d 738, 749 (9th Cir.
27   1979). Notably, both the *Prieto* and *Lee* actions were filed ***after*** the named plaintiffs
     received a notice regarding the disclosure of their contact information in connection
28   with the *Spainhower* case on or about January 29, 2009.
     [3] This Court granted the removal in the *Williams* case and consolidated that case with
     the *Spainhower* case.
</div>

<div style="text-align:center;">4</div>

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

as a branch manager for U.S. Bank National Association (a wholly owned subsidiary of Defendant U.S. Bancorp) in California between December 1, 2004 and December 15, 2008 (the class period at issue in the *Williams* case).

15.    Plaintiff seeks to recover alleged unpaid overtime, waiting time penalties, penalties for improper wage statements, and premiums associated with the alleged failure to provide meal and rest breaks, in addition to costs and attorneys' fees on behalf of the putative class. (See Complaint, ¶¶ 17, 22, 28, 33, 38, 43, 45; Prayer for Relief.)

(a)    Waiting Time Penalties. Between December 1, 2005 and December 15, 2008, 294 branch managers terminated their employment at U.S. Bank National Association. Branch managers were paid an average annual salary of $59,885.13 during this period. Accordingly, the average daily wage for branch managers during this period is $230.33 ($59,885.13 divided by 260 days [52 weeks x 5 days]). Based on the allegations in the Complaint, each current or former branch manager who terminated his or her employment during this period may recover approximately $6,909.90 ($230.33 multiplied by 30 days) under California Labor Code § 203. Based on the foregoing, the total waiting time penalties at issue are approximately $2,031,510.60.

(b)    Improper Wage Statement Penalties. There are currently 321 filled branch manager positions at U.S. Bank National Association. Employees are paid on a bi-monthly basis. Pursuant to California Labor Code § 226, each employee is paid $50 for the first wage statement violation and $100 for each subsequent wage statement violation up to a maximum of $4,000.00. Thus, penalties for each branch manager position during the one year statutory period (26 payroll periods) would be $2,550.00 ($100 x 25 + $50). Thus, the penalties for improper wage statements for one year for all branch manager positions are approximately $818,550.00 ($2,550.00 multiplied by 321 positions).

(c)    Overtime Pay. Plaintiff alleges that Plaintiff and the putative class

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

members "worked in excess of forty (40) hours per week and in excess of eight (8) hours per day." (See Complaint, ¶ 15.) The 791 putative class members class collectively worked a total of 14,602 months from December 1, 2004 to December 15, 2008. Branch managers were paid an average annual salary of $58,913.29 during this period. If each putative class member worked just five hours of overtime per month (approximately 1.15 hours per week) the amount at issue for overtime pay totals approximately $3,101,464.80 (based on an average hourly rate of $28.32 and an overtime rate of $42.48).

      (d)   <u>Meal and Rest Period Premiums</u>. Plaintiff alleges that Plaintiff and the putative class members were required to "work during meal periods mandated by the applicable orders of the Industrial Welfare Commission" and failed to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees. (See Complaint, ¶¶ 22, 26.) The 791 putative class members class collectively worked a total of 14,602 months from December 1, 2004 to December 15, 2008. Branch managers were paid an average annual salary of $58,913.29 during this period. If each putative class member was not provided with a total of five meal or rest periods per month the amount at issue for meal and rest period violations totals approximately $2,067,643.22 (based on an average hourly rate of $28.32).

      16.   Thus, the amount in controversy at issue solely on Plaintiff's class claims for alleged unpaid overtime, waiting time penalties, penalties for improper wage statements, and premiums associated with the alleged failure to provide meal and rest breaks (and not including attorneys' fees) totals approximately $8,019,168.62.

      17.   Attorneys' fees are also included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees…such fees may be included in the amount in controversy.") Here, with the exception of Plaintiff's claim under California Business and Professions Code §§ 17200, et seq., all

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1    of his alleged claims allow for the recovery of attorneys' fees.  In a successful wage

2    and hour class action, such attorneys' fees often exceed $500,000-$1,000,000.

3    **V.**    **COMPLIANCE WITH STATUTORY REQUIREMENTS**

4      18.    In accordance with 28 U.S.C. § 1446(a), attached as Exhibit "C" are

5    copies of all process, pleadings, and orders which have been received by Defendant in

6    this action.

7      19.    In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with

8    this Court within thirty (30) days after Defendant or its agents first had notice of the

9    Complaint on August 14, 2009.

10      20.    As required in 28 U.S.C. § 1446(d), Defendant will provide written

11    notice of the filing of this Notice of Removal to Roger R. Carter and Scott B. Cooper,

12    counsel of record for Plaintiff, and will promptly file a copy of this Notice of Removal

13    with the Clerk for the Superior Court of the State of California in and for the County

14    of Orange .

15      WHEREFORE, Defendant respectfully request that these proceedings, entitled

16    *Danny Lee v. U.S. Bancorp*, Case Number 30-2009-00291701, now pending in the

17    Superior Court of the State of California for the County of Orange, be removed to this

18    Court.

19    DATED:  September 14, 2009      WINSTON & STRAWN LLP

20

21          By: _____

22             Hwannie L. Shen
            Attorneys for Defendant

23    LA:253226.1          U.S. BANK NATIONAL
            ASSOCIATION (erroneously
            sued as U.S. BANCORP)

24

25

26

27

28

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

7

# Exhibit A

08/14/09 @ 10:50   **SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
U.S. BANCORP, a Delaware corporation, and DOES 1 through 100,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
DANNY LEE, individually, and on behalf of all others similarly situated,

| FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|
| **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>**AUG 1 0 2009**<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY:_____R. VAVRA_____,DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of the State of California, County of Orange<br>751 W. Santa Ana Blvd., Santa Ana, CA 92701 | CASE NUMBER:<br>(Número del Caso):<br>30-2009<br>00291701<br>JUDGE DAVID C. VELASQUE<br>DEPT. CX101 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Roger R. Carter, Esq. SBN 140196 THE CARTER LAW FIRM          Telephone No.: 949.260.4737
2030 Main Street, Suite 1300, Irvine, CA 92614          Fax No.:

| DATE:<br>(Fecha) **AUG 1 0 2009** | **ALAN CARLSON** | Clerk, by<br>(Secretario) | **RACHELLE VAVRA** | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify): *U.S Bancorp, a Delaware Corporation*

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date): 08/14/09

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
*LexisNexis® Automated California Judicial Council Forms*

# Exhibit B

1  Roger R. Carter, Esq. SBN 140196
   **THE CARTER LAW FIRM**
2  2030 Main Street, Suite 1300
   Irvine, CA 92614
3  Tel.: (949) 260-4737
   Fax: (949) 260-4754
4

5  Scott B. Cooper, Esq. SBN 174520
   **THE COOPER LAW FIRM, P.C.**
6  2030 Main Street, Suite 1300
   Irvine, CA 92614
7  Tel.: (949) 724-9200
   Fax: (949) 724-9255
8

   Attorneys for Plaintiff DANNY LEE
9

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**AUG 10 2009**

ALAN CARLSON, Clerk of the Court

BY: _____R. VAVRA_____ ,DEPUTY

10                        Z

   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11

12               **COUNTY OF ORANGE**      30-2009

13  DANNY LEE, individually, and on behalf of     CASE NO. _____ **0 0 2 9 1 7 0 1**
    all others similarly situated,

14                              Plaintiff,     Assigned for All Purposes to:
                                               **JUDGE DAVID C. VELASQUEZ**
15  v.                                                **DEPT. CX101**
                                               **CLASS ACTION COMPLAINT FOR**
16  U.S. BANCORP, a Delaware corporation,
    and DOES 1 through 100, inclusive,         1. **Failure to Pay Overtime Wages**
17                                             2. **Failure to Provide Meal Periods**
                                Defendants.    3. **Failure to Provide Rest Periods**
18                                             4. **Labor Code § 203 Penalties**
                                               5. **Failure to Provide Itemized Statements**
19                                             6. **Unfair Business Practices (B&P § 17200)**

20                                             **DEMAND FOR JURY TRIAL**

21  ///

22  ///

23  ///

24  ///                         **THIS CASE IS SUBJECT TO
                                MANDATORY ELECTRONIC FILING**
25  ///                         **PURSUANT TO RULE 308 OF THE LOCAL RULES
                                OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
26  ///

27

28

                                      1

Plaintiff DANNY LEE, on behalf of himself and all others similarly situated, complains of Defendants, and each of them, and for causes of action alleges:

## I.

## INTRODUCTION

1.      This is an action by and on behalf of current and former employees of Defendants, including the named defendant, U.S. BANCORP, a Delaware corporation, and any subsidiaries or affiliated companies doing business in any of its banks located in the State of California (hereinafter referred to as "US BANK" or "Defendants") who are or were employed in Defendants' banks in California in job positions known as branch managers. However, the job title manager is a misnomer, because most of the work performed by these employees is not and was not executive in nature. These employees thus are and were entitled to overtime and other protections as non-exempt employees. It is *Defendants' burden* of pleading, evidence and proof to show that these employees are and were exempt under California wage and hour law. These employees have spent an insignificant amount of work time doing anything that constitutes "managing," and for that reason and others, they are and always have been entitled to overtime pay and non-exempt treatment under California wage and hour law.

2.      This action is brought under California law for failure to pay legally required overtime wages, for willful failure to pay the employees all wages due within the time required after the end of their employment, for failure to furnish itemized statements as required by Labor Code section 226, and for other violations of California law relating to employment and compensation of employees.

3.      In this pleading, "Class Members" or "Class" mean all employees of any of the Defendants who are, have been, or will be employed in any California banks owned or operated by any of the Defendants in any job whose title is or was referred to by any of the Defendants as branch manager, assistant manager, or manager, and were so employed during the period of time covered by the statute of limitations applicable to the particular cause of action in which the terms "Class

2

1   Members" or "Class" appear, including periods of time during which the statute of limitations was

2   or may have been tolled or suspended.

3       4.    In this pleading, the banks described in the preceding paragraph are referred to as

4   "US BANK."

5       5.    In this pleading, "Defendants" means "defendants and each of them," and refers to

6   the defendants named in the particular cause of action in which the word appears.

7       6.    The allegations in this pleading are made without any admission that, as to any

8   particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves

9   all rights to plead in the alternative.

10             **II.**

11            **<u>PARTIES</u>**

12   **A. <u>Plaintiff</u>**

13       7.    Plaintiff DANNY LEE is a resident of Orange County, California.

14   **B. <u>Defendants</u>**

15       8.    US BANK is a Delaware Corporation.  It owns and operates numerous banks in the

16   State of California, many of which are in Orange County, California.  The unlawful acts alleged

17   herein have a direct effect on Plaintiff and those similarly situated within the State of California and

18   Orange County.  Defendants employed Plaintiff and similarly situated persons within California and

19   Orange County.  Venue as to each defendant is proper in this judicial district, pursuant to California

20   Code of Civil Procedure section 395.

21       9.    The true names and capacities, whether individual, corporate, associate, or

22   otherwise, of defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to

23   Plaintiff, who therefore sues Defendants by such fictitious names under California Code of Civil

24   Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the

25   defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts

26   referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names

27   and capacities of the defendants designated hereinafter as DOES when such identities become

28   known.

---

3

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

10.     Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Class. Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, the named defendant and defendants DOES 1 through 100 were affiliated and were an integrated enterprise.

11.     Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other Class Members, and exercised control over the wages, hours, and working conditions of Plaintiff and the other Class Members. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants; and that each defendant acted pursuant to a conspiracy and agreement to do the things alleged herein.

**III.**

**CLASS ALLEGATIONS**

12.     Plaintiff brings this cause of action on behalf of himself and on behalf of the Class of all persons similarly situated, as more fully explained below. This action is brought and may properly be maintained as a class action pursuant to the provisions of California Code of Civil Procedure section 382 and other applicable law pertaining to class actions.

4

13.     The proposed Class Plaintiff seeks to represent, sometimes referred to herein as the "Class Members," is presently defined as follows: all employees of any of the Defendants who are, have been, or will be employed in any California banks owned or operated by any of the Defendants in any job whose title is or was referred to by any of the Defendants as branch manager, assistant manager, or manager, and were so employed during the period of time covered by the statute of limitations applicable to the particular cause of action in which the terms "Class Members" or "Class" appear, including periods of time during which the statute of limitations was or may have been tolled or suspended.  There is a well defined community of interest in the litigation and the Class is ascertainable:

(a)     **Numerosity**: The Class is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that it is several hundred people or more.

(b)     **Common Questions Predominate**: Common questions of law and fact exist as to all Class Members, and predominate over any questions that affect only individual members of the Class.  The common questions of law and fact include, but are not limited to:

(i)     What were and are the policies, programs, practices, procedures and protocols of Defendants regarding Class Members' actual work and tasks, and their job duties;

(ii)    Whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to the Class Members;

(iii)   What were and are the policies, programs, practices, procedures and protocols of Defendants regarding meal periods for Class Members;

(iv)    Whether Defendants violated California law by their policies, programs, practices, procedures and protocols regarding meal periods for Class Members;

5

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1          (v)   What were and are the policies, programs, practices, procedures and

2                protocols of Defendants regarding rest periods for Class Members;

3         (vi)  Whether Defendants violated California law by their policies, programs,

4                practices, procedures and protocols regarding rest periods for Class

5                Members;

6        (vii)  What were and are the policies, programs, practices, procedures and

7                protocols of Defendants regarding furnishing to the Class Members,

8                upon each payment of wages, itemized statements required by Labor

9                Code section 226;

10      (viii) Whether Defendants violated California law by their policies, programs,

11               practices, procedures and protocols regarding furnishing to the Class

12               Members, upon each payment of wages, itemized statements required by

13               Labor Code section 226;

14        (ix)  Whether Defendants violated Business & Professions Code sections

15               17200 *et seq.* by their policies, programs, practices, procedures and

16               conduct referred to in this cause of action; and

17        (x)   Whether Defendants obtained voluntarily waivers with consent and full

18               disclosure, and whether a written signed waiver is effective as to all

19               future meal and rest periods.

20      Additional common questions of law and fact may develop as the litigation

21      progresses.

22          (c)    **Typicality**: Plaintiff's claims are typical of the claims of the Class Members.

23      Plaintiff and other Class Members sustained losses, injuries and damages

24      arising out of the Defendants' common policies, programs, practices,

25      procedures, and course of conduct referred to in each cause of action and

26      throughout this Complaint, which were applied uniformly to Class Members

27      as well as Plaintiff.  Plaintiff seeks recoveries for the same types of losses,

28

1    injuries, and damages as were suffered by the other Class Members as well as

2    Plaintiff.

3    (d)   **Adequacy**: Plaintiff and his counsel will fairly and adequately protect the

4          interests of the Class Members. Plaintiff has no interest that is adverse to the

5          interests of the other Class Members.

6    (e)   **Superiority**: A class action is superior to other available means for the fair

7          and efficient adjudication of this controversy. Individual joinder of all Class

8          Members is impractical. Class action treatment will permit a large number of

9          similarly situated persons to prosecute their common claims in a single forum

10         simultaneously, efficiently, and without the unnecessary duplication of effort

11         and expense that numerous individual actions engender. Also, because the

12         losses, injuries and damages suffered by each of the individual Class Members

13         are small in the sense pertinent to class action analysis, the expenses and

14         burden of individual litigation would make it extremely difficult or impossible

15         for the individual Class Members to redress the wrongs done to them. On the

16         other hand, important public interests will be served by addressing the matter

17         as a class action. The cost to the court system and the public of adjudication

18         of individual litigation and claims would be substantial, and substantially more

19         than if the claims are treated as class action. Individual litigation and claims

20         would also present the potential for inconsistent or contradictory results.

21   (f)   **Public Policy Considerations**: Defendants and other employers throughout

22         the state violate wage and hour laws. Their current employees are often

23         afraid to assert their rights out of fear of direct or indirect retaliation. Their

24         former employees are fearful of bringing claims because doing so can harm

25         their employment and future employment and future efforts to secure

26         employment. Class actions provide Class Members who are not named in the

27         complaint a degree of anonymity that allows for vindication of their rights

28         while eliminating these risks, or at least enormously reducing them.

7

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# IV.

## CAUSES OF ACTION

### First Cause of Action

*Failure to Pay Wages at Overtime Rate*

(Lab. Code §§ 1194 and 1199, IWC Wage Orders, and Related Violations)

(Against All Defendants)

14. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

15. Throughout the period applicable to this cause of action, Plaintiff and the Class Members worked in excess of forty (40) hours per week and in excess of eight (8) hours per day.

16. Throughout the period applicable to this cause of action, Defendants did not pay Plaintiff or Class Members at the required overtime rates for the work described in the preceding paragraph. Also, Defendants failed to pay them for all hours worked, and failed to pay at least the minimum wage for all hours worked.

17. Pursuant to California Labor Code section 1194, Plaintiff and the Class Members are entitled to recover unpaid overtime compensation, and other unpaid wages, plus interest, plus attorneys' fees and costs.

18. WHEREFORE, Plaintiff and the Class Members he seeks to represent request relief as described herein and below.

### Second Cause of Action

*Failure to Provide Meal Periods*

(Lab. Code §§ 226.7 and 512)

(Against All Defendants)

19. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

///

///

8

20.     Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the applicable Industrial Welfare Commission Wage Order,  provides as follows:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .

> (B) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

21.     Similarly, Labor Code section 226.7 requires payment of one (1) hour of pay in lieu of meal periods not provided by the employer.  Throughout the period applicable to this cause of action, Defendants failed to consistently allow and provide the meal periods required by California law.  Therefore, Plaintiff and the Class Members are entitled to compensation as stated above, plus interest, attorneys' fees, costs and other applicable relief.

22.     Throughout the period applicable to this cause of action, Defendants required Plaintiff and the Class Members to work during meal periods mandated by the applicable orders of the Industrial Welfare Commission.  Therefore Plaintiff and the Class Members are entitled to be paid as stated in Labor Code section 226.7, plus interest, attorneys' fees, costs and other applicable relief.

23.     On information and belief, Plaintiff alleges that the Class Members did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through rest and meal periods.  Defendants failed to meet the requirements for lawful on-duty rest and/or meal periods and/or instituted a course of conduct that created a working environment in which non-exempt employees were incapable of taking rest and/or meal periods.  As such, non-exempt employees were intimidated or coerced into waiving rest and/or meal periods, and any written waivers were obtained without full disclosure and are thus involuntarily and without consent.

24.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

///

///

///

9

**Third Cause of Action**

*Failure to Provide Rest Periods*

(Lab. Code § 226.7)

(Against All Defendants)

25. Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

26. By their failure to provide rest periods for every four (4) hours or major fraction thereof worked per workday by non-exempt employees, and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Order No. 4, section (12).

27. By failing to keep adequate time records required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order 4, section (7), Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff and members of the Plaintiff Class. On information and belief, Plaintiff alleges that Defendants' failure to maintain accurate records was willful.

28. As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 201, 202, 203, 218.5, 226, 226.7, 1194 and 1199, and IWC Wage Order 4-2001.

29. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

///

///

///

///

///

///

10

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

2 **Fourth Cause of Action**

3 *Failure to Pay All Wages Upon Ending of Employment*

4 (Lab. Code §§ 201, 202, and 203)

5 (Against All Defendants)

6       30.   Plaintiff incorporates all previous paragraphs of this Complaint as though fully set

7 forth herein.

8       31.   Plaintiff and many of the other Class Members quit or were discharged from their

9 employment within the statute of limitations period applicable to this cause of action. As of the

10 filing of the Complaint, Defendants failed to timely pay wages due, and Plaintiff and Class Members

11 are owed penalties pursuant to Labor Code sections 201, 202, 203.

12       32.   Defendants failed to pay said employees, without abatement, all wages (as defined by

13 applicable California law) within the time required by applicable California law. Among other

14 things, these employees were never paid any of the overtime compensation referred to in this

15 Complaint, nor were they paid the other unpaid wages referred to in this Complaint. Defendants'

16 failure to pay said wages within the required time was willful within the meaning of Labor Code

17 section 203.

18       33.   Therefore, each of these employees is entitled to one day's wages for each day he or

19 she was not timely paid all said wages due, up to a maximum of thirty days' wages for each

20 employee. Because none of said employees were ever paid the overtime wages to which they were

21 entitled, and were never paid other unpaid wages referred to in this Complaint, each of said

22 employees is entitled to thirty days' wages.

23       34.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as

24 described herein and below.

25 ///

26 ///

27 ///

28 ///

11

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**Fifth Cause of Action**

*Failure to Furnish Itemized Statements*

(Lab. Code §§ 226(b), 1174, 1175)

(Against All Defendants)

35.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

36.     Throughout the period applicable to this cause of action, Defendants intentionally failed to furnish to Plaintiff and the Class Members, upon each payment of wages, itemized statements accurately showing, among other matters: total hours worked, the applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate.

37.     Plaintiff and the Class Members were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid overtime, even though they were so entitled, and because the failures hindered them from determining the amounts of overtime wages owed to them.

38.     Plaintiff and the Class Members are entitled to the amounts provided for in Labor Code section 226(e), plus costs and attorneys' fees.

39.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

**Sixth Cause of Action**

*Violation of Unfair Competition Law*

(Bus. and Prof. Code § 17200 *et seq.*)

(Against All Defendants)

40.     Plaintiff incorporates all previous paragraphs of this Complaint as though fully set forth herein.

41.     Plaintiff brings this action on behalf of each and all members of the general public, including the Class Members and Plaintiff himself, pursuant to Business and Professions Code sections 17200 *et seq.*

12

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

42.     Defendants' conduct alleged above constitutes unlawful business acts and practices in violation of Business & Professions Code sections 17200 *et seq.*

43.     Pursuant to Business and Professions Code sections 17200 *et seq.*, for the statute of limitations period covered by this cause of action, Plaintiff and the Class Members are entitled to restitution for at least the following: the unpaid overtime earnings and other unpaid earnings withheld and retained by Defendants referred to above.

44.     Plaintiff and the Class Members and the general public are also entitled to permanent injunctive and declaratory relief prohibiting Defendants from engaging in the violations and other misconduct referred to above.

45.     Defendants are also liable to pay attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable law, and costs.

46.     WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

## V.

## **PRAYER**

WHEREFORE, Plaintiff prays judgment for himself and all others on whose behalf this suit is brought, against Defendants, jointly and severally, as follows:

1.      That the Court determine that this action may be maintained as a class action;

2.      That Plaintiff be appointed the representative of the Class;

3.      That the attorneys of record for Plaintiff whose names appear in this Complaint be appointed Class counsel;

4.      For unpaid wages at overtime rates for all overtime work and unpaid wages for all work for which they were not paid;

5.      For such general and special damages as may be appropriate;

6.      For waiting time penalties and civil penalties for all Class Members no longer in Defendants' employ at the time of Judgment;

7.      For other penalties and civil penalties;

13

8.  For pre-judgment interest;

9.  For the amounts provided for in Labor Code § 226(b);

10.  For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

11.  For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

12.  For costs of suit;

13.  For attorneys' fees under Labor Code section 1194, and other applicable provisions of law; and

14.  For such other relief as the Court deems just and proper.

Dated: __8/7/09__          **THE CARTER LAW FIRM**


By: _____
      Roger R. Carter
      Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.


Dated: __8/7/09__          **THE CARTER LAW FIRM**


By: _____
      Roger R. Carter
      Attorneys for Plaintiff

14

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# Exhibit C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Roger R. Carter, Esq. SBN 140196, THE CARTER LAW FIRM <br> 2030 Main Street, Suite 1300 <br> Irvine, CA 92614 <br> TELEPHONE NO.: 949.260.4737  FAX NO.: 949.260.4754 <br> ATTORNEY FOR *(Name):* Plaintiff DANNY LEE | **FILED** <br> SUPERIOR COURT OF CALIFORNIA <br> COUNTY OF ORANGE <br> CENTRAL JUSTICE CENTER <br><br> AUG 1 0 2009 <br><br> ALAN CARLSON, Clerk of the Court <br><br> BY: ___R. VAVRA___ ,DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 W. Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
LEE v. U.S. BANCORP, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2009 |
|---|---|---|
| [X] Unlimited  [ ] Limited <br> (Amount   (Amount <br> demanded   demanded is <br> exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder <br><br> Filed with first appearance by defendant <br> *(Cal. Rules of Court, rule 3.402)* | 00291701 <br> JUDGE: JUDGE DAVID C. VELASQU <br> DEPT. CX101 |

Items 1–6 below must be completed *(see instructions on page 2)*.

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [X] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[X] punitive
4. Number of causes of action *(specify):* Six
5. This case [X] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8-7-09

Roger R. Carter
(TYPE OR PRINT NAME)                              ▶           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov <br> *LexisNexis® Automated California Judicial Council Forms* |

Superior Court of California
County of Orange
Civil Complex Center

# Department CX101 Guidelines

Ex Parte / Law & Motion / Trial Exhibits

## Ex Parte Information

- Ex parte applications are heard Monday through Friday at 1:30 p.m. Notice and service of an application shall be given as provided in Rules 3.1203-3.1206, California Rules of Court (CRC). The application must be **filed** no later than **10:00 a.m.** on the day of the hearing, and must be e-filed. A courtesy copy may be lodged directly in Department CX-101.
- Prior to giving notice moving party shall telephone Department CX-101 at (714/568-4802) no later than noon of the court day **before** the matter is to be heard.
- All papers shall be electronically filed with the clerk of the court. Please reference the *Complex Court Guidelines* for further information.
- The court will attempt to issue a tentative ruling on the application as soon as practicable. If available, tentative rulings may be obtained from the clerk when the parties check-in with the clerk prior to the hearing. Because of the press of court business, the parties may have to wait before the hearing is called.

## Law & Motion

- Law and Motion is heard every **Thursday at 1:30 p.m.**, unless otherwise posted by the court. The court does not require parties to reserve a hearing date. However, occasionally the date sought by the filing party for the hearing of the motion is unavailable. If this occurs, the clerk's office will notify the filing party at the time the motion is filed. It is suggested that the filing party have alternative dates in mind in case the initial date is unavailable.
- **Tentative Rulings** – The court does not issue internet rulings. Rather, the court follows the provisions of CRC, Rule 3.1308(b). However, as soon as they become available, tentative rulings may be obtained by telephone, in writing on the date of the hearing, or by e-mail if requested from the courtroom assistant at (714/568-4802).
- **Suggestions** - The court finds tables of contents and tables of authorities very helpful for motions longer than 5 pages. Remember that a table of contents is a good way to preview the points you make in the motion and are part of your persuasive presentation. Please avoid footnotes. The court prefers the citation of authority immediately following the point stated in the memorandum.
- Succinctness is greatly appreciated. Please keep hyperbole to a minimum. Vitriol directed against opposing counsel may not be well received by the court. Conserve your pages for the heart of your argument rather than well-settled axiomatic points of law. Marking attachments and declarations with page dividers *prominently* stating the exhibit number or letter helps the court save time when looking for these items. Requests for judicial notice of court documents should be accompanied by *copies of the documents.*

March 2008            1

Superior Court of California
County of Orange
Civil Complex Center

## Department CX101 Guidelines

Ex Parte / Law & Motion / Trial Exhibits

### Trial Exhibits

- Please be considerate of the work of the clerk in maintaining a record of your exhibits. If you have a question concerning how exhibits are handled, telephone the clerk. In addition to the requirements of Orange County Superior Court Rule 450, the court requires a joint exhibit list to be filed in the department the Friday before the trail date. Counsel are strongly urged to refer to the *Complex Court Guidelines* at http://www.occourts.org/complexcivil.
- At the trial, the court will elicit a stipulation from the parties that the original exhibits will be returned to the party who offered them as soon as a verdict is received or the matter is submitted to the court for decision. The court is also equipped to receive in evidence and display to the jury, in the courtroom and jury room, exhibits in electronic form, i.e., on CD.

March 2008                                                   2

**Superior Court of California**
**County of Orange**

**CIVIL COMPLEX CENTER**
**751 W. Santa Ana, Blvd. Santa Ana, CA 92701**
**PO BOX 22028 92702-2028**

| DEPT | CIVIL JUDGES | NOTICED MOTIONS HEARD | EX PARTES HEARD | TELEPHONIC NOTICE TO COURTROOM NO LATER THAN | EX PARTE APPLICATION PRESENTED IN COURTROOM NO LATER THAN |
|---|---|---|---|---|---|
| CX101 | Velasquez (714) 568-4802 | Thursdays 1:30 P.M. * | M - F, 1:30 P.M. | Noon, day before ex parte hearing | 10:00 a.m., day of ex parte hearing |
| CX102 | Andler (714) 568-4822 | Thursdays 1:30 P.M. | M-Th, 9:00 A.M. | 10:00 am, day before ex parte hearing  Ex parte papers shall be lodged directly in dept. CX102 and not filed with the clerk's office unless otherwise ordered by the court. | 12:00 p.m., day before ex parte hearing; opposition must be in writing |
| CX103 | Bauer / ~~Sundvold~~ (714) 568-4812 | Mondays, 10:30 A.M. | Tu, Th 1:30 P.M. | Noon, day before ex parte hearing | 10:00 a.m., day of ex parte hearing |
| CX104 | Colaw (714) 568-4818 | Fridays 10:00 A.M. * | M, T, W and F, 1:30 P.M. | 12:00 a.m., day before ex parte hearing | 10:00a.m., day of ex parte hearing |
| CX105 | Stock (714) 568-4807 | Fridays, 9:00 A.M. * | M - F, 1:30 P.M. | 10:00 a.m., day before ex parte hearing | 12:00 p.m., day before ex parte hearing; opposition must be in writing |

*Law and Motion Tentative Rulings are issued and posted on the Internet.

1.  The consideration of ex parte applications shall not interfere with or delay the trial in progress. Requirements pursuant to California Rules of Court (CRC) 3.1200-3.1207 shall apply. All paperwork, including proposed pleadings or motions and orders, must be submitted with ex parte application.

    Moving party shall submit on moving papers unless the Court invites oral argument. Moving papers must:

    - Include a declaration of Notice of Ex Parte Hearing and a proposed order.
    - State in first paragraph of the application the irreparable harm that will occur if the relief requested is not granted until after a formally noticed hearing.

2.  For information regarding fees or the Orange County Superior Court Local Rules, go to: http://www.occourts.org.

3.  Moving and responding parties shall be in the department at the appointed time. No check-ins will be received after the appointed time without good cause. There will be no second call.

4.  Teleconference appearances are available through CourtCall, LLC at (310) 914-7864 or (888) 88-COURT. Teleconference appearance is voluntary and does not require consent of the other attorneys or parties in the case. The Court does, however, reserve the right to reject any request.

5.  The Complex Litigation Panel requires the filing of a Meet and Confer statement at least 10 calendar days prior to the hearing of any motion, petition or application except discovery motions and Motions to Withdraw as Counsel of Record.

6.  The direct Fax filing number is (714) 568-5180. Refer to Orange County Superior Court Local Rule 380. (Not applicable if for complex cases subject to the Electronic Filing Order.)

**PLAINTIFF SHALL SERVE A COPY OF THE COMPLEX GUIDELINES WITH THE SUMMONS AND COMPLAINT**

Rev May 26, 2009

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---



# GUIDELINES

## ALL COMPLEX DEPARTMENTS

Welcome to the Complex Civil Litigation Program. Orange County Superior Court is one of six courts designated by the California Judicial Council as pilot project courts to handle solely complex litigation. These pilot courts have been established to test case management principles which may improve the effective administration of justice by reducing the time and expense normally associated with the litigation of complex civil cases. The principles make it easier to prepare these cases for trial by providing a more orderly framework for the pre-trial phase of the litigation.

The result is a greater opportunity for early case resolution through mediation and settlement, and improving the way complex cases are tried by encouraging the use of technology.

Counsel's familiarity with the applicable *California Rules of Court, Local Rules – Superior Court of California, County of Orange ("local rules")*, and the *Deskbook on the Management of Complex Civil Litigation* ("*Deskbook*") is expected. A copy of the *Deskbook* may be obtained by contacting LEXIS Publishing at (800) 833-9844. These guidelines should answer most procedural questions and assist you in feeling comfortable in our courtrooms. ***These Guidelines are Orders of the Court.***

 *Plaintiff must serve a copy of these Guidelines with the Summons and Complaint.*

1                                                         (Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

<div align="center">

**COMPLEX CIVIL GUIDELINES**

</div>

## I.  COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE:

1.  The court expects civility and proper decorum at all times in the courtroom.  Witnesses and parties, except for small children, are to be addressed and referred to by their surnames. Courtesy toward everyone in the courtroom is required. Advise all witnesses and parties to observe appropriate courtroom demeanor and punctuality.  ***The civil and courteous treatment of courtroom staff and opposing counsel is a paramount professional obligation of counsel.***

2.  All electronic devices such as pagers and cell phones must be TURNED OFF while in the courtroom whether or not court is in session.

3.  Trial attorneys should be in the courtroom 10 minutes prior to the start of court each morning.  Punctuality is not only a courtesy to others, it is required.  Counsel should expect that the court will take appropriate action if counsel is late for any appearance without good reason.

4.  Objections, statements and arguments must be addressed to the court rather than opposing counsel.  Counsel may speak from the lectern or the counsel table and may examine witnesses and object without standing or without asking permission.

5.  Do not enter the well of the courtroom at any time.

6.  Do not lean or sit on the jury rail.

7.  Do not approach the clerk or reporter while court is in session for any reason.

8.  At the end of each day, counsel must clear work areas including the area in the rear of the courtroom unless granted leave of the court otherwise.

9.  Any use of the department's fax machine is permitted only by order of the court.

10.  It is counsel's responsibility to record the date and time set for any future hearing.  If counsel needs to confirm a hearing date, please call opposing counsel before calling the court. If the information is still not available, please call the Clerk's Office of the Civil Complex Center at (714) 568-4700.  Please do not call courtroom staff unless these previously noted resources do not have the information you need.

11.  Copy work is done by staff in the Clerk's Office.  Courtroom staff will not make copies at counsel's request unless directed to do so by the judge.  All copies are subject to a per-page copying fee.

<div align="center">

2

</div>

(Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

## COMPLEX CIVIL GUIDELINES

## II. GENERAL MATTERS

1.   The court expects all counsel to maintain regular communication with each other regarding hearing dates, the progress of the case, and settlement possibilities.

2.   The court believes in liberal discovery but expects counsel to refrain from engaging in excessive and abusive discovery.

3.   The court will require written notice of all hearing dates and decisions. Notice is not normally waived and waiver of notice must be stated on the record.

4.   Continuances of hearing or trial dates are discouraged but may be necessary from time to time. Continuances of trial or hearing dates by stipulation are not permitted without approval by the court. Even if counsel have stipulated to a continuance, the new date must be pre-approved by the courtroom clerk. Please call the courtroom clerk for available dates before contacting other counsel. Stipulated continuances must be supported by declaration stating the reasons for the continuance and be accompanied by a proposed order for the court's signature. Faxed signatures on stipulations are permitted. All applicable fees apply.

5.   Be advised that the Superior Court of California, County of Orange has established a system for filing in accordance with Civil Code of Procedure section §1010.6 and California Rule of Court 2.250 et seq.

     All papers filed in complex civil cases must be electronically filed unless a party has been specifically excused by the Court from the requirement, pursuant to the *Local Rules – Superior Court of California, County of Orange* ("local rules"), Rule 308. To register for the program and to obtain additional information, go to: www.occourts.org/complexcivil/ .

6.   Please consult the local rules prior to seeking the assistance of courtroom staff in order to minimize telephone calls to the department.

7.   In the event a case settles prior to a court hearing or trial date, the plaintiff or cross-complainant must file in the assigned department either a full dismissal, a Stipulation for Entry of Judgment, or a Judgment on Stipulation that is in a form ready for the judge's signature. If the applicable document is not ready for filing by the time of the next hearing date, counsel must appear at the time scheduled for the hearing and recite the settlement for the record.

8.   Cross-complainants must serve a copy of these guidelines and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

(Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

9.  Information about filing requirements or fees is available on the court's INTERNET home page at: http://www.occourts.org, or by telephone at (714) 568-4700. The local rules are available on the court's internet home page.

10. Telephone appearances are conducted pursuant to the provisions of California Rules of Court, Rule 3.670 and the guidelines of **CourtCall**, available at (310) 342-0888 or (888) 88-COURT.

## III. LAW AND MOTION:

1.  **Meet and Confer**: This court adopts the *Deskbook's* view that pre-filing conferences between counsel may be useful in avoiding useless or unnecessary motions (*Deskbook,* Pleading and Motion Practice, § 2.42.). Therefore, prior to the hearing of any motion, petition or application, except applications to appear *pro hac vice* and motions to withdraw as counsel of record, all counsel and parties appearing in *propria persona* shall confer in a good faith attempt to eliminate the necessity of the hearing or resolve as many disputes as possible.

    Counsel for the moving party shall arrange the conference to meet and confer and, at least 10 calendar days before the hearing, file at the Clerk's Office of the Civil Complex Center (Room 213) a statement entitled "Meet and Confer," signed under penalty of perjury, summarizing the issues remaining in dispute and the respective positions taken. Failure to comply with the requirement to meet and confer may result in the matter being continued or taken off calendar.

    If the court finds that there was no good reason for a failure to resolve the dispute, the court may order any person who unreasonably fails to settle any disputed issue to pay the amount of the opposing party's reasonable expenses, including reasonable attorneys' fees incurred in making or opposing the matter.

2.  **Off Calendars and Continuances:** In order to promote judicial economy and avoid wasting court resources, counsel for moving parties must notify the court as soon as possible if any matter will be taken off calendar or continued.

## IV. EX PARTE APPLICATIONS:

1.  The filing fee for each *ex parte* application must be paid at the Clerk's Office of the Civil Complex Center (Room 213). The court's consideration of an *ex parte* application will not interfere with or delay any trial in progress. The moving party is expected to adhere to the provisions of California Rules of Court, Rule 3.1200 – 3.1207. All papers necessary to the determination of the application, including any proposed pleading, motion or order, must be submitted with the *ex parte* application.

2.  The application shall include a declaration of Notice of Ex Parte Hearing and a proposed order; and shall state in the notice the irreparable harm, immediate danger or

<div style="text-align: center;">4</div> (Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

other basis for *ex parte* relief that will result if the requested relief is not granted until a regularly noticed motion may be heard.

3.  The parties shall appear at the appointed time in the department in which the application is to be heard. No late appearance will be heard without good cause. There is no second-call on the *ex parte* calendar.

## V.  REFEREES

1.  In complex cases, the court has the authority to 1) appoint a referee to conduct mediation or mandatory settlement conferences, or to hear and determine discovery disputes; 2) order the parties to compensate the referee in a manner that is fair; and 3) compel attendance by the parties and their carriers at mediation and settlement conferences. (Code of Civil Procedure §187, §639 and Lu v. Superior Court (1997) 55 CA.4th 1264, 1270 -72.)

2.  It is the court's expectation that all parties and their carriers will appreciate the advantage of cooperating in early settlement or mediation efforts.

3.  It is the general order of the court that the provisions of the local rules, Rule 448 shall apply to mandatory settlement conferences, and that the provisions of subdivisions D., E., H. and I. of Rule 448 shall apply to mediation as if the mediation was a mandatory settlement conference for all parties which have agreed to mediate. However, the referee is authorized to require the attendance of any person at any mediation agreed upon as may be appropriate for the circumstances of the case and the position of each party.  For example, "major players" may be required to have a claims representative present, while "minor players" may be allowed to have a claims representative available by telephone during the mediation. Similar appropriate accommodation may be made by the referee for association boards, business entities, or multiple plaintiffs for example.  All parties are expected to cooperate in making a sincere effort to resolve the case without a trial.

4.  Any request for a waiver of the requirement to personally appear at a mandatory settlement conference, whether conducted by the court or a referee, must be made by written application to the court in accordance with the provisions of the local rules, Rule 448.I.3(5).

5.  No later than 20 days prior to the initial Case Management Conference, the plaintiff is expected to have conferred with all other parties that have filed a responsive pleading concerning whether referee services are appropriate for the case. If the parties agree that the appointment of a referee would benefit the case, counsel shall then attempt to agree on the selection of one or more referees for the purposes stated in this section.

Plaintiff is expected to propose to all other parties a list of 3 to 6 potential referee candidates after having inquired of each candidate concerning his or her availability to

(Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

### COMPLEX CIVIL GUIDELINES

---

accept an appointment. If a party cannot agree to the appointment of any of the referees suggested by the plaintiff, that party must propose an alternative list of referee candidates. If the parties still cannot agree, a party may apply for the appointment of a referee under the provisions of Code of Civil Procedure §638 or §639, whichever is appropriate, supported by a declaration stating the reasons why the appointment of a referee would benefit the case, and identifying the issue upon which the parties are unable to agree, including whether there is partial agreement among some of the parties. The names of all of the proposed referee candidates, if any, shall be stated in the declaration.

When all of the parties agree that the appointment of a referee would benefit the case, but cannot agree on the selection of a particular referee, the court may appoint the referee(s) with or without further notice at the Case Management Conference if the court believes the appointment of a referee would benefit the case.

6. The appointed referee(s) may assist with the preparation of the Case Management Order, mediation, discovery schedule, and other pre-trial matters.

## VI. MANDATORY SETTLEMENT CONFERENCES ("MSC"):

No case will be tried before a sincere effort is made to settle. The court expects that the parties will first attempt to settle the case using the assigned mediator or referee, if any. When a mediator or settlement referee has been appointed in the case, a settlement conference through the court will be scheduled only after reasonable attempts to settle with the assistance of the mediator or settlement referee have been exhausted. The court expects the parties will comply with the provisions of the local rules, Rule 448.

All of the judges at the Civil Complex Center are willing to help another judge in the settlement of a complex case depending upon the judge's available calendar. If the parties agree to have a mandatory settlement conference conducted by a judge other than the assigned judge, the parties should first determine the other judge's availability before asking the assigned judge to order the settlement conference. However, it is not presumed that the judge to whom a case is assigned should not conduct the mandatory settlement conferences in his or her cases. If a party objects to the trial judge's participation in the MSC, the party must advise the judge or the courtroom clerk of its objection prior to the setting of the MSC. **Counsel are advised to check with the court to determine its preference in this regard.**

## VII. CASE MANAGEMENT HEARINGS AND OTHER CONFERENCES:

Case Management Conferences and periodic Status Conferences (in addition to other required appearances) are likely to be scheduled throughout the pendency of the litigation on the court's own motion or at the request of one of the parties. The first Case Management Conference is generally scheduled approximately 90 days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties. The

6                                                                  (Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA  92701

---

**COMPLEX CIVIL GUIDELINES**

---

parties should expect the court to schedule review hearings about every 90 days to monitor how the case is progressing.

A Trial Readiness Conference or Pre-trial Conference will likely be scheduled 30-90 days before trial for the purpose of determining the readiness of the parties and resolving procedural issues concerning the trial. The goal of the Trial Readiness Conference or Pre-trial Conference is to make the trial proceed as predictably and smoothly as possible. **The Trial Readiness Conference or Pre-trial Conference is not a substitute for the Issues Conference required by local rules, Rule 450.**

## VIII.  CASE MANAGEMENT:

1. Case Management Orders are not required in all cases, but they may be helpful in cases where the sequencing and timing of key events are necessary in the management of the litigation and preparation of the case for trial. However, even if a Case Management Order is not necessary in a particular case, *all complex cases must be managed by counsel, or the court, or both.*

   The goal of case management is to "bring about a just resolution as speedily and economically as possible." (*Deskbook,* Case Management, §2.01.) To be effective, case management "should be tailored to the needs of the particular litigation and to the resources available; make-work activity should be avoided." (*Id.*) The parties or the court should develop and monitor an "effective plan for the orderly conduct of pretrial and trial proceedings." (*Deskbook,* Case Management, §2.04.) A case management plan "should prescribe a series of procedural steps, with firm dates, giving direction and order to the case as it progresses through pretrial proceedings to summary disposition or trial." (*Id.*) The setting of interim time limits and deadlines is often a necessary part of an effective case management plan.

2. **Case Management Conference and Status Conference Statements:** The judges of the Civil Complex Center have determined that Judicial Council form CM-110, *Civil Case Management Statement* (required by California Rules of Court, Rule 3.725(c), is *in*adequate to provide the judges the information they need when determining how a particular complex case should be managed. *Form CM-110 shall not be used in any action designated or provisionally designated as complex.* Instead, the parties shall file with the court either a Case Management Conference Statement or a Status Conference Statement as described below.

   Counsel must file an updated Conference Statement for *each* Case Management or Status Conference. The Conference Statement is due no later than 5 court days prior to the hearing.

   A Case Management Conference Statement is a comprehensive report of the case which should include a brief objective summary of the case, the potential dimensions of the case, significant procedural and practical problems which may likely be encountered

7                                                                      (Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

in the case, suggestions for efficient management of the case, including a proposed time-line of key events in the case or a proposed case management order, if appropriate, and any other special consideration the court should be made aware of to assist it in determining an effective case management plan.

A Status Conference Statement may be filed as an alternative to the Case Management Conference Statement when appropriate. A Status Conference Statement is generally less detailed than a Case Management Conference Statement and is to be used to advise the court of progress or developments in the case which have occurred since the last review hearing.

A joint statement of the parties is preferred by the court whenever possible.

3.   **Early resolution of threshold issue:** On occasion, the progress of a case can be helped by the early resolution of a pivotal or threshold issue upon which the rest of the case hinges. However, when the resolution of such an issue depends upon the determination of questions of fact, a definitive outcome may not be readily achievable through a motion, such as a motion for summary judgment. In such cases, if the parties are willing to enter necessary stipulations to allow for a separate trial of a limited issue, the court will order the trial solely on that issue as soon as the parties can be ready.

In such a trial, the preponderance of the evidence standard is presumed to be the burden of proof unless the law requires otherwise. (Evidence Code §115.) As with any trial, the outcome is binding on the parties even though the findings are interlocutory. Where the parties seek a jury trial of the issue, the court is likely to require a stipulation by the parties that the issue may be heard and determined by a jury different from that which will hear and determine the remaining issues in the case.

## IX. TRIALS:

1.   **Motions *in limine*:** Motions *in limine*, including pretrial hearings under Evidence Code §402, must be in writing and supported by a memorandum of points and authorities. Motions *in limine* shall be exchanged at the Issues Conference pursuant to the local rules, Rule 450. Motions and oppositions to the motions shall be filed on the Friday before the trial date in the department in which the trial is set.

Pre-trial motions to preclude evidence at trial shall specify the evidence the moving party seeks to exclude and shall be supported by a declaration stating (1) the specific ground of the objection; (2) the reasons why the moving party believes the evidence will likely be offered at trial; and (3) a sufficient offer of proof to permit the court the ability to determine the admissibility of the evidence on the objection specified. (See Evidence Code §353.)

Counsel should keep in mind it may be difficult for him or her to specify the evidence which is the subject of the motion, and the precise grounds on which it should be

8                                                    (Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

precluded, until that evidence is offered. "Actual testimony sometimes defies pretrial predictions of what a witness will say on the stand. Events in the trial may change the context in which the evidence is offered to an extent that a renewed objection is necessary to satisfy the language and purpose of Evidence Code section 353." (Kelly v. New West Federal Savings (1996) 49 CA 4th 659, 671.) "'Until the evidence is actually offered, and the court is aware of its relevance in context, its probative value, and its potential for prejudice, matters related to the state of the evidence at the time an objection is made, the court cannot intelligently rule on admissibility.'" (Id.)

Counsel should attempt to resolve evidentiary disputes at the Issues Conference before resorting to a motion in limine. "It is frequently more productive of court time, and the client's money," for counsel to informally address at the Issues Conference the issues which could be raised in motions in limine and, instead of a motion, present a stipulation to the court on uncontested issues. Matters of day-to-day trial logistics and common professional courtesy should not be the subject of motions in limine. These are matters of common professional courtesy that should be accorded counsel in all trials.

2. Jury Trial:

A. Procedural matters and issues relating to jury selection most often can be addressed orally and informally with the court, and later preserved on the record if necessary.

B. Parties shall use CACI instructions when applicable. Proposed jury instructions shall be filed in typed form on the Friday before the trial date. A modified version of a CACI instruction should be plainly marked as "Modified." Handwritten modification of a standard CACI instruction is acceptable with court approval. CACI instructions shall be submitted to the court using the "masthead" format, with spaces to indicate which party has submitted the instruction, and whether the instruction will be given, given as modified, withdrawn or refused. The court has the discretion whether to provide multiple sets of instructions to the jury for its deliberation.

C. At the Issues Conference, counsel should discuss stipulating to less than 12 jurors to try the case in the event the jury is reduced to less than 12 jurors prior to verdict.

D. All challenges for cause shall be made outside the hearing of the jury panel.

E. Objections during the course of the trial shall be in the form of a concise statement of the grounds. Speaking objections are not permitted. Argument on the objection without invitation by the court is not permitted.

F. Counsel shall neither make reference to nor display charts, models, photographs or other demonstrative evidence to the jury unless: 1) the evidence has been

(Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

received into evidence; 2) opposing counsel has been given the opportunity to review the evidence and has no objection to it; or 3) the proponent of the evidence has leave of court to refer to or display the evidence.

3.   In a court trial, trial briefs must be exchanged at the Issues Conference pursuant to the local rules, Rule 450, and filed with the court on the Friday before the date set for trial, unless the court has granted leave otherwise.

4.   On the first day of trial, counsel shall deposit with the courtroom clerk a blank check to cover the anticipated jury/reporter fees. Payment of the actual amount of jury/reporter fees is required at the end of each week of trial. Counsel may be required to deposit a new blank check at the beginning of each successive week of trial.

## X.   TRIAL EXHIBITS:

1.   INTRODUCTION:

A.   At the Trial Readiness Conference or Pre-trial Conference counsel should be prepared to state whether his or her client will be using the electronic presentation of evidence at the trial. Using electronic equipment to present evidence at trial requires preparation, organization and cooperation by the parties. The court expects that the parties will work together in devising a protocol for the pre-marking of exhibits by using prefixes or a super-numeration system to designate the proponent of the evidence. (For example, exhibits offered by Acme Air Conditioning may be marked using a prefix system starting at "AAC-0001." Zenith Concrete would mark its exhibits starting at "ZC-0001." Under a super-numeration system, plaintiff would reserve exhibit numbers 1 through 999; defendant would be assigned exhibit numbers 1000 through 1999, and cross-defendant would be assigned exhibit numbers 2000 through 2999 for example.)

B.   In a case where it is reasonable to presume voluminous documents will be produced during discovery, counsel are urged to agree upon a protocol for the pre-marking of exhibits at the earliest time possible, preferably before the initiation of discovery and delivery to a document depository. It is less expensive to mark and index voluminous documents as they are deposited than when it is done on the eve of trial.

C.   Counsel are required to cooperate throughout the trial so that one party's electronic exhibits are available to the other side to display during cross-examination.

D.   The electronic version of documents, photographs, charts or other demonstrative evidence may be substituted for the actual exhibit at trial upon the stipulation of

10                                    (Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

the parties and order of the court. This guideline is not meant to alter the rules of discovery or the obligation of a party to make available the original of a document for inspection by another party through discovery or at the Issues Conference.

E.　Physical exhibits and documents are not required to be presented in a digitalized format. However, evidence which has not been presented in electronic form customarily will be ordered by the court returned at the end of the appeal period to the party which offered it. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of the exhibits. Plaintiff will maintain joint exhibits unless the court orders otherwise.

F.　At the beginning of the trial, counsel shall provide the courtroom clerk a JOINT EXHIBIT LIST describing and numbering each exhibit. The exhibit list shall indicate the exhibits, which are to be admitted by stipulation of the parties.

Exhibits admitted pursuant to stipulation are deemed admitted at the commencement of the trial. It will greatly assist the courtroom clerk if counsel also pre-tag and mark for identification the exhibits which will likely be offered at the trial.

A sheet of exhibit tags can be found at the end of these guidelines for counsel to reproduce. They are also available from the courtroom clerk.

2.　USE OF ELECTRONIC EVIDENCE PRESENTATION SYSTEMS:

A.　Counsel are strongly encouraged to take advantage of the benefits of the electronic presentation of evidence when in trial at the Civil Complex Center to enhance the orderly and effective presentation of evidence, reduce concerns about the custody and security of exhibits, and reduce the work and expense associated with the tagging, storing and transporting of exhibits. In an appropriate case, the court may require the use of an electronic evidence presentation system. Electronic evidence presentation systems must be compatible with the court's infrastructure (video distribution amplifier, wiring, conduit, floor receptacles and connectors). Whenever evidence is presented electronically, the physical custody of exhibits by the clerk is replaced by the electronic record of the exhibits.

B.　Electronic Evidence Standard Format: Counsel must submit to the clerk 2 sets of electronic evidence in PDF file format and stored on CD-R. Evidence must be in sequential order with the exception of JPEG and MPEG files which shall be stored on separate discs. Counsel may also prepare electronic evidence using alternate non-proprietary formats subject to the approval of the court. The compact discs (CD's) must be labeled as follows:

11　　　　　　　　　　　(Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA  92701

---

**COMPLEX CIVIL GUIDELINES**

---

Case #
Case Name
Exhibits _____ to _____
(Original or Backup copy)

C.  The courtroom clerk will maintain and provide counsel an updated exhibit list. The clerk must confer with counsel on an ongoing basis to maintain accuracy and completeness of the exhibits.  The court may require counsel to periodically submit to the clerk an up-to-date CD containing exhibits received into evidence.

D.  It is counsels' responsibility to identify and track redactions, modifications, and substitution of exhibits.  Counsel are expected to be prepared to submit an up-to-date evidence CD with all redactions, modifications, and substitutions, as well as impeachment documents used, upon the courtroom clerk's request.

E.  Impeachment exhibits are not pre-marked.  However, counsel are responsible for having the document electronically recorded upon being offered into evidence (exhibit numbers may be reserved for this purpose).  Counsel must consult with the clerk and submit the evidence CD containing the impeachment documents, along with a  separate exhibit list in a sealed envelope prior to the time the evidence is offered. The envelope shall be marked "impeachment documents" and identified with the name of the proffering party.

F.  Counsel must confer with the clerk, prior to submission of the evidence CD to the jury for use in deliberations, and submit the final joint exhibit list containing only those exhibits received into evidence.  The CD used by the jurors must include the joint exhibit list and the electronically stored exhibits which have been entered into evidence.  Submission of the joint evidence CD also serves as a stipulation that all exhibits presented in electronic form to the jury are complete and correct.  Any disagreement must be brought to the attention of the court at the earliest reasonable time.  Counsel must lodge two (2) evidence CDs of all exhibits received into evidence.

G.  The jury room will have a PC to view the exhibits on the monitor.  The clerk may print copies from the evidence CD for the jurors to use, if requested by the jury. The clerk will collect and destroy copies of exhibits at the conclusion of trial.

3.  NON-ELECTRONICALLY PRESENTED EVIDENCE:

A.  Counsel must provide an original set plus a copy set of all documentary exhibits. Each set must be pre-marked and tagged using the court approved exhibit tags. Alternatively, counsel may provide one original set plus a copy set in electronic form.  The second set is for the judge's use during trial. If counsel intends to use

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

**COMPLEX CIVIL GUIDELINES**

---

A document for impeachment, two copies of the document must be delivered to the courtroom clerk at the same time in a sealed envelope marked "impeachment documents" and the name of the party. Any alternative to these procedures for the submission of evidence must be presented to the court at the Trial Readiness Conference or Pre-trial Conference.

B.  Enlargements and transparencies customarily will not be admitted into evidence unless ordered by the court. Any large exhibit or transparency should be accompanied by an 8 ½" x 11" version of the exhibit similarly marked for identification.

C.  Counsel are expected to comply with the provisions of Evidence Code §768(b) by showing the exhibit to the opposing counsel before it is displayed to the trier of fact.

D.  Interrogatories and Requests for Admission that are expected to be used at trial must be extracted and lodged with the court, and a copy given to counsel, at the appropriate time. In jury trials, questions and answers must be read into the record, subject to proper objections. The extracts may be submitted as exhibits in bench trials.

## XI.  USE OF DEPOSITION TRANSCRIPTS

Deposition transcripts which are expected to be used at trial must be lodged with the Court on the first day of trial. Portions of a deposition transcript offered into evidence must be read into the record as if live testimony, subject to proper objections.

13                                          (Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA 92701

---

## COMPLEX CIVIL GUIDELINES

## JOINT EXHIBIT LIST

**Case Name:** _____

**Case No:** _____

**Dept :** _____   **Type of Hearing :** _____

| | | | | DESCRIPTION |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

14                     (Rev. Feb 29, 2008)

Superior Court of the State of California, County of Orange
Civil Complex Center
751 W. Santa Ana Blvd.
Santa Ana, CA  92701

## COMPLEX CIVIL GUIDELINES

---

**EXHIBIT NO.**

☐ ID only (Date)

☐ **IN EVIDENCE** (Date)

☐ Plaintiff/People ☐ Defendant ☐ Joint
☐ Petitioner ☐ Respondent ☐ Court
☐ (Other)

Atty/Party Introducing Sensitive Exhibit

Case No.

Vs.

Alan Slater, Executive Officer and Clerk

Deputy

**NOTE: THIS ITEM IS A PERMANENT COURT RECORD.
DO NOT REMOVE FROM THE COURTROOM**

---

**EXHIBIT NO.**

☐ ID only (Date)

☐ **IN EVIDENCE** (Date)

☐ Plaintiff/People ☐ Defendant ☐ Joint
☐ Petitioner ☐ Respondent ☐ Court
☐ (Other)

Atty/Party Introducing Sensitive Exhibit

Case No.

Vs.

Alan Slater, Executive Officer and Clerk

Deputy

**NOTE: THIS ITEM IS A PERMANENT COURT RECORD.
DO NOT REMOVE FROM THE COURTROOM**

15                                                    (Rev. Feb 29, 2008)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Institute for Conflict Management (714) 288-5600
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198
- Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|

Telephone No.:                  Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name)*:            Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility -- 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
               ☐ Under section 1141.11 of the Code of Civil Procedure
               ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

☐  Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐  Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

        _____

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____    _____
                        (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____    _____
                        (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                California Rules of Court, rule 3.221
L1270 (Rev February, 2008)

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                          ) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1543.  On September 14, 2009, I served the within document(s):

**NOTICE OR REMOVAL OF CIVIL ACTION**

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] On September 11, 2009, I sent such document(s) from facsimile machine 213-615-1750.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

[ ] by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by causing the document(s) listed above to be delivered via overnight delivery (Federal Express) to the person(s) at the address(es) set forth below.

[ ] by causing the document(s) listed above to be delivered via Federal Express overnight delivery to the person(s) at the address(es) set forth below.

Roger R. Carter, Esq.                    Scott B. Cooper, Esq.
The Carter Law Firm                      The Cooper Law Firm
2030 Main Street, Suite 1300             2030 Main Street, Suite 1300
Irvine, CA 92614                         Irvine, Ca 92614
Telephone: (949) 260-4737               Telephone:  (949) 724-9200
Fax: (949) 260-4754                      Fax: (949) 724-9255

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on September 14, 2009, at Los Angeles, California.

_____
Myrna Fuentes

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                            ) ss
COUNTY OF LOS ANGELES  )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1543. On September 14, 2009, I served the within document(s):

## NOTICE OR REMOVAL OF CIVIL ACTION

[X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

[ ] On September 11, 2009, I sent such document(s) from facsimile machine 213-615-1750. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine 213-615-1750 which confirms said transmission and receipt.

[ ] by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by causing the document(s) listed above to be delivered via overnight delivery (Federal Express) to the person(s) at the address(es) set forth below.

[ ] by causing the document(s) listed above to be delivered via Federal Express overnight delivery to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Roger R. Carter, Esq.<br>The Carter Law Firm<br>2030 Main Street, Suite 1300<br>Irvine, CA 92614<br>Telephone: (949) 260-4737<br>Fax: (949) 260-4754 | Scott B. Cooper, Esq.<br>The Cooper Law Firm<br>2030 Main Street, Suite 1300<br>Irvine, Ca 92614<br>Telephone: (949) 724-9200<br>Fax: (949) 724-9255 |

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on September 14, 2009, at Los Angeles, California.

_____
Myrna Fuentes

**CIVIL COVER SHEET**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Danny Lee, individually, and on behalf of all others similarly situated, | **DEFENDANTS**<br>U.S. Bancorp, a Delaware Corporation, and DOES 1 through 100, inclusive, |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Roger R. Carter (SBN: 140196)<br>The Carter Law Firm<br>2030 Main Street, Suite 1300<br>Irvine, CA 92614<br>(949) 260-4737 | Attorneys (If Known)<br>Maria C. Rodriguez (SBN: 194201)<br>Winston & Strawn LLP<br>333 South Grand Avenue, 38th Floor<br>Los Angeles, CA 90071<br>(213) 615-1700<br>(See Attachment) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  
☐ 3 Federal Question (U.S. Government Not a Party)  
☐ 2 U.S. Government Defendant  
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  
☒ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from another district (specify):  
☐ 6 Multi-District Litigation  
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1446; class action complaint alleges wage and hour violations.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: **SACV09-1057**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes

If yes, list case number(s): U.S.D.C. C.D. Cal. Consolidated Case No. CV08-00137 FMC (PJWx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant is informed and believes that Plaintiff currently resides in Orange County, California. | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant is a national banking association, with its main office, as identified in its charter, in Cincinnati, Ohio. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff's complaint alleged claims on a statewide class basis. | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 9/14/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT TO CIVIL COVER SHEET

**Section I(b)**

### Counsel for Plaintiff Danny Lee

Roger R. Carter (SBN 140196)
THE CARTER LAW FIRM
2030 Main Street, Suite 1300
Irvine, CA 92614
Tel: (949) 260-4737

Scott B. Cooper (SBN 174520)
THE COOPER LAW FIRM, P.C.
2030 Main Street, Suite 1300
Irvine, CA 92614
Tel: (949) 724-9200

### Counsel for Defendant U.S. Bank National Association (erroneously sued as U.S. Bancorp)

Joan B. Tucker Fife (SBN 144572)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Tel: (415) 591-1000

Maria C. Rodriguez (SBN 194201)
Hwannie L. Shen (SBN 222342)
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Tel: (213) 615-1700

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV09- 1057 CJC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.